RECEIVED
IN LAKE CHARLES, LA
OCT - 9 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| ERIC C. DYER | : | DOCKET NO. 07-CV-00108 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| OMNI INSURANCE COMPANY | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM ORDER

Before the Court is a Motion For Summary Judgment, [doc. 23], filed by the defendant Omni Insurance Company (hereinafter "Omni"). The plaintiff, Eric C. Dyer, filed an Opposition [doc. 27]. Omni filed a Reply [doc. 28]. The crux of the Motion For Summary Judgment is whether a Receipt and Release of All Claims (hereinafter "Release"), executed by Mr. Dyer pursuant to a settlement with tortfeasor Vivian Mayard and her liability carrier, is broad enough to also release Mr. Dyer's claims against Omni, Mr. Dyer's alleged Uninsured Motorist insurer.

A court should grant a motion for summary judgment when the file, including the opposing party's affidavits, demonstrates that "there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The party moving for summary judgment is initially responsible for demonstrating the reasons justifying the motion for summary judgment by identifying portions of pleadings and discovery that show the absence of a genuine issue of material fact for trial. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the moving party's motion for summary judgment if the movant fails to meet this

1

burden. *Id.* In evaluating motions for summary judgment, the court must view all facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1975). A grant of summary judgment is warranted when the record as a whole "could not lead a rational finder of fact to find for the non-moving party...." *Id.*

The resolution of Omni's Motion For Summary Judgment hinges on the language contained in the Release. Omni purports to attach this Release as Exhibit A; however, Exhibit A is a Motion For Voluntary Dismissal Pursuant to Rule 41. Although both parties advance arguments based upon the language in the Release, because Omni has not entered the Release into evidence, this Court has no competent summary judgment evidence. Because Omni has not satisfied its summary judgment burden,[1]

IT IS ORDERED that the Motion For Summary Judgment, [doc. 23], is hereby DENIED.

Lake Charles, Louisiana, this ___6___ day of ___Oct.___, 2008.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[1] In the event that the Release does exist, Omni may reurge its Motion For Summary Judgment within ten (10) days of this Memorandum Order and file the Release into the Record. Because the parties have already filed briefs based upon the language of the Release, should Omni reurge its Motion, this Court will rule based upon docs. 23, 27, 28, and parties need not submit new briefs.