U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

OCT 2 9 2008

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| ERIC C. DYER | : | DOCKET NO. 07-CV-00108 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| OMNI INSURANCE COMPANY | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Before the Court is a Motion For Summary Judgment, [doc. 23], filed by the defendant Omni Insurance Company (hereinafter "Omni"). The plaintiff, Eric C. Dyer, filed an Opposition [doc. 27]. Omni filed a Reply [doc. 28].

This suit arises out of a motor vehicle accident on December 4, 2005, between Mr. Dyer and Vivian Mayard, who is not a party to the suit.[1] The crux of the Motion For Summary Judgment is whether a Receipt and Release of All Claims (hereinafter "the Release"), executed by Mr. Dyer pursuant to a settlement with tortfeasor Vivian Mayard and her liability carrier, is broad enough to also release Mr. Dyer's claims against Omni. Omni entered the Release into evidence on October 7, 2008 [doc. 32], and accordingly, this Court shall consider Omni's Motion For Summary Judgment, [doc. 23], reurged.

---

[1] Compl. [doc. 1]. At the time of the accident, Omni had an uninsured motorist policy for insureds Dan and Carolyn Smith, whose son Ric was using the vehicle. Mem. in Support of Mot. For Summ. J., at 1 [doc. 23-2]. At the time of the accident, Mr. Dyer was driving the Smiths' vehicle. *Id.* For purposes of this Motion, Omni concedes that Mr. Dyer is covered by the Omni policy. *Id.*

1

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the file, including the opposing party's affidavits, demonstrates that "there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The party moving for summary judgment is initially responsible for demonstrating the reasons justifying the motion for summary judgment by identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact for trial. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the moving party's motion for summary judgment if the movant fails to meet this burden. *Id.* In evaluating motions for summary judgment, the court must view all facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1975). A grant of summary judgment is warranted when the record as a whole "could not lead a rational finder of fact to find for the non-moving party...." *Id.*

## ADMISSIBILITY OF THE RELEASE

Via letter, Mr. Dyer argues that the Release is not competent summary judgment evidence as required by Fed. R. Civ. P. 56 [doc. 33]. Mr. Dyer argues that proper evidence includes deposition testimony, affidavits, and responses to discovery, and that the Release itself is not proper summary judgment evidence. Omni responded via letter, [doc. 37], that the forms of evidence articulated in Rule 56 are not the exclusive means of presenting evidence on a motion for summary judgment. *See* 10A Wright, Miller & Kane *Fed. Prac. & Proc.* § 2721 (1983).

Courts may consider many forms of evidence for a Rule 56 summary judgment motion. *See*

*id.* Normally, for the Release to be admissible, it must be authenticated. *See* Fed. R. Ev. 901.[2] Here, Mr. Dyer states in his affidavit that he only intended for the September 27, 2006 $10,000 settlement to release Vivian Mayard and Allstate, not Omni.[3] The Release is dated September 27, 2006, is signed by Mr. Dyer and notarized, and releases Vivian Maynard, Allstate, and "any other person, firm or corporation" for a $10,000 payment.[4] Admissions in a motion in opposition to a motion for summary judgment may be used to determine whether a genuine issue of fact exists. *See* 10A Wright, Miller & Kane *Fed. Prac. & Proc.* § 2723 (1983). Accordingly, this Court shall consider Mr. Dyer's affidavit as an admission by Mr. Dyer as to the Release's authenticity.

## **GOVERNING LAW**

"A compromise regulates only the differences which appear clearly to be comprehended therein by the intention of the parties, 'whether it be explained in a general or particular manner,' and does not extend to differences which the parties never intended to include. Further, a general release will not necessarily bar recovery for those aspects of the claim not intended to be covered by the release." *Randall v. Martin*, 03-1311 (La. App. 5 Cir. 2/23/04); 868 So.2d 913, 915-16 (internal citations omitted). When parties to a settlement agreement dispute its scope, they may "raise factual issues regarding whether the unequivocal language of the instrument was intended to be truly unequivocal," but only when there is "substantiating evidence of mistaken intent." *Id.* (noting that "substantiating evidence" must show either "the releasor was mistaken as to what he or she was

---

[2] Omni argues that the Release is self-authenticating; however, the Release does not fall under any of the categories of self-authenticating documents articulated in Fed. R. Ev. 902.

[3] Pl.'s Ex. B [doc. 27].

[4] [doc. 32].

3

signing...or that the releasor did not intend to release certain aspects of his or her claim").

Because compromise agreements are favored, the party seeking to invalidate the agreement bears the burden of proof. *Dimitri v. Dimitri*, 00-2641 (La. App. 4 Cir. 1/30/02); 809 So.2d 481, 486. Without "substantiating evidence," traditional rules of contract interpretation apply, and the settlement agreement is enforced as written. *Id.* (noting that a self-serving affidavit executed by the plaintiff is not sufficient to show the plaintiff did not intend to settle all claims, where the language of the release was broad and the plaintiff accepted payment in consideration of the release). According to Louisiana's principles of contract interpretation:

> The meaning and intent of the parties to a written instrument should be determined within the four corners of the document and its terms should not be explained or contradicted by extrinsic evidence. When a contract is subject to interpretation from the four corners of the instrument, without the necessity of extrinsic evidence, that interpretation is a matter of law. When the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation need be made into the parties' intent. Further, parties are free to contract for any object that is lawful, possible, and determined or determinable.

*Corbello v. Iowa Prod.*, 850 So.2d 686, 693 (La. 2003) (internal citations omitted).

## ANALYSIS

The question before the Court is whether the Release, executed by Mr. Dyer pursuant to a settlement with Vivian Mayard and Allstate, which discharges "any other person, firm or corporation charged or chargeable with responsibility or liability...from any and all claims...on account of all personal injury...that I may hereafter sustain in consequence of an accident that occurred on or about [December 4, 2005]"[5] bars Mr. Dyer's claims against Omni. Omni argues that the broad language

---

[5] [doc. 32].

4

of the Release, which releases "any other person, firm, or corporation" extends to Omni, and that *Black v. Anderson*, 06-891 (La. App. 5 Cir. 3/13/07); 956 So.2d 20 and *Baudoin v. Montoya*, 07-910 (La. App. 3 Cir. 1/30/08); 974 So.2d 877 support a grant of summary judgment.

In *Black*, Louisiana's Fifth Circuit of Appeal affirmed the trial court's dismissal of a motorist's claim against State Farm, her uninsured motorist carrier. 956 So.2d at 24. In *Black*, the plaintiff executed a release discharging "all those for whose acts and omissions any of said parties might be responsible...and all of their insurers." *Id.* at 23-24. The plaintiff appealed, arguing that she never intended to release State Farm, and that the settlement documents should be interpreted according to the parties' intent. *Id.* at 22. The court held that the release "evinces nothing other than an intent to settle and dismiss all claims against anyone arising out of the accident...." *Id.* at 24.

Similarly, in *Baudoin*, Louisiana's Third Circuit of Appeal affirmed a dismissal of the plaintiff's claims against a tortfeasor's employer arising out of an automobile accident, based on the broad language of the release stating that the plaintiff discharged "any and all other persons, firms, corporations..." 974 So.2d at 878-79. Even though the employer was not a party to the release, the release's language was so broad that it demonstrated an intent to release all claims arising out of the accident at the heart of the lawsuit. *Id.* at 880 (noting that the plaintiff did not attempt to limit the release language to the parties with whom the settlement was executed). Thus, "[s]imply asserting the lack of intention to release all defendants, when the release plainly states all parties are released, is not sufficient to raise a genuine issue of material fact on such a point." *Id.*

In Opposition, Mr. Dyer argues that he did not intend to release claims against Omni. He submits an affidavit stating he never intended to release Omni, and argues that extrinsic evidence

5

is admissible to demonstrate intent.[6] Mr. Dyer argues that *Baudoin* and *Black* are distinguishable because his lawsuit was filed after the Release was signed, whereas in those cases, the release was executed after the plaintiffs filed suit. He argues that his case is akin to *Dimitri*, 809 So.2d at 485, and *Carrie v. Louisiana Farm Bureau Cas. Ins. Co.*, 04-1001 (La. App. 4 Cir. 2/16/05); 900 So.2d 841.

In *Carrie*, the plaintiff signed a release discharging four named parties only from liability arising out of an automobile accident. 900 So.2d at 842. GEICO, the plaintiff's uninsured motorist carrier, argued that the release barred the plaintiff's suit against GEICO, even though GEICO was not listed as a party to the settlement and the language of the settlement was limited to those enumerated persons only. *Id.* at 842. Moreover, the release also stated that "I expressly reserve any and all rights and claims....not limited to my uninsured motorist carrier, GEICO."[7] *Id.* at 845. Louisiana's Fourth Circuit of Appeal reversed the trial court and held that, given the language of the release and considering Carrie's affidavit stating she did not intend to release GEICO, the were issues of fact as to the finality of the release. *Id.*

In *Dimitri*, the plaintiff was injured in a slip and fall on the defendant's premises. 809 So.2d 481. The plaintiff signed a release of all claims for personal injuries and all other damages resulting from this accident. *Id.* at 483. He believed the release only covered his current medical bills. *Id.* He supported this argument with evidence that he only discussed the payment of current medical bills with the insurance adjuster, the release form was in the exact amount of his current medical

---

[6] Pl.'s Ex. A [doc. 27].

[7] Louisiana law no longer requires an express reservation of rights against solidary co-obligors. *Black*, 956 So.2d at 23.

6

bills, he returned the check that was ultimately issued because it was less than the amount of his current medical bills, and he submitted an affidavit of his brother, who averred that the insurance company only discussed settling medical bills and not a personal injury claim. *Id.* at 483-84. The court found that the plaintiff met his burden of proof that the settlement agreement was invalid. *Id.* at 486.

*Dimitri* was distinguished by *Randall v. Martin*, 03-1311 (La. App. 5 Cir. 2/23/04); 868 So.2d 913. In *Randall*, the plaintiff executed a release of all claims arising from an automobile accident against all three defendants. *Id.* at 916. Relying on *Dimitri*, the plaintiff later argued it was not his intent to discharge the defendants and thus the release was invalid. *Id.* at 917. The court rejected the plaintiff's argument, noting that in *Dimitri*, the plaintiff did not accept the check given as consideration for the release, whereas the plaintiff in Randall did. *Id.* Further, the court found that the settlement terms of the release were clear, and that by signing the release, the plaintiff indicated that he was releasing all defendants from any and all claims he may have from the automobile accident. *Id.* at 918.

Here, the court does not find "substantiating evidence" of mistaken intent. As in *Randall*, a self-serving affidavit from the plaintiff is not sufficient to overcome the broad, explicit language of the release. Because there is no substantiating evidence, traditional rules of contract interpretation apply. Under traditional rules of contract interpretation, extrinsic evidence is admissible where the contract is ambiguous. The Release is unambiguous, and thus extrinsic evidence is inadmissible.

The plain text of the Release, like the releases in *Baudoin* and *Black*, is quite broad and states that Mr. Dyer discharges "any other person, firm or corporation" that might bear responsibility for his injuries arising out of the December 4, 2005 accident. This Court does not find it significant that

7

this suit was filed after the Release was executed, because, as the court noted in *Baudoin*, if Mr. Dyer desired to express his intent to limit the release to Ms. Maynard and Allstate, he could have done so. The Release, as written, plainly "evinces nothing other than an intent to settle and dismiss all claims against anyone arising out of the accident...." *See Black*, 956 So.2d at 24; accordingly,

IT IS ORDERED that the Motion For Summary Judgment, [doc. 23], filed by Omni, is hereby GRANTED;

IT IS FURTHER ORDERED that this case is hereby DISMISSED in its entirety.

Lake Charles, Louisiana, this 28 day of October, 2008.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE